IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02290-BNB

RUSSELL FOREMAN,

      Plaintiff,

v.

JOE PELLE, Boulder County Sheriff, and
COUNTY OF BOULDER,

      Defendants.

---

## ORDER TO AMEND

---

      Plaintiff, Russell Foreman, has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 42 U.S.C. § 12101. Plaintiff has submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  On August 19, 2014, the Court granted Plaintiff leave to proceed pursuant to § 1915.

      The Court must construe Plaintiff's Complaint liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Plaintiff will be directed to file an Amended Complaint for the reasons stated below.

      Plaintiff asserts three claims.  The first claim involves a violation of Title II of the Americans with Disabilities Act and is properly asserted against Boulder County. Plaintiff, however, cannot maintain an ADA claim against individual defendants in their individual capacities because the statute does not impose individual liability.  *See Butler*

*v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999).

Claims Two and Three involve alleged violations of Plaintiff's rights under the First and Eighth Amendments.  To state a constitutional deprivation pursuant to 42 U.S.C. § 1983 Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also must assert personal participation by a named defendant in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Supervisors can only be held liable for their own misconduct.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  A supervisor cannot incur liability under § 1983 for his mere knowledge of a subordinate's wrongdoing.  *Id.*; *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) *(*"[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

2

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.  Accordingly, it is

ORDERED that Plaintiff shall have **thirty days from the date of this Order** to file an Amended Complaint as directed above.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant) along with the applicable instructions at www.cod.uscourts.gov, to be used in filing the Amended Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to comply within the time allowed the Court will address the claims pursuant to the federal rules of civil procedure and dismiss improper and insufficient claims accordingly.

DATED August 22, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge